**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**JAMES A. STEPHENS aka JIMMY STEPHENS, Defendant.**

High Court of American Samoa
Trial Division

CR No. 42-98

November 10, 1998

Before KRUSE, Chief Justice, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Lionel M. Riley, Asst. Attorney General
For Defendant, David P. Vargas

### ORDER DENYING MOTION FOR
### RECONSIDERATION OF BAIL REVOCATION

The defendant James A. Stephens is charged with the crimes of Felonious Restraint, in violation of A.S.C.A. § 46.3532(a), a Class C felony; Assault in the First Degree, in violation of A.S.C.A. § 46.3520(2), a Class B felony; and Assault in Third Degree, in violation

of A.S.C.A. § 46.3522(a)(1), a Class A Misdemeanor. The police affidavit in support of the warrant of arrest alleges, among other things, that the defendant lured the complainant, his ex-wife, into a motel room and after accusing her of affairs with other men, viciously beat, as well as tortured, the complainant repeatedly while keeping her restrained against her will in the motel room over a period of many hours.

The District Court admitted the defendant to bail in the sum of $40,000. He was subsequently released from pre-trial detention upon his posting a security bond and upon the condition that he not have "any contact, direct or indirect," with the complainant. We expressly adopted in open court on June 24, 1998, the District Court's bail and release order.

On November 2, 1998, the government filed an expedited application to revoke the defendant's bail status on the grounds that the defendant had repeatedly violated his bail condition of "no contact" with the complainant. In plaintiff's affidavit in support of its expedited application, Assistant Attorney Lionel Riley deposed that he had contacted the complainant who had informed him that she had moved off-island "tired of the defendant Jimmy Stephens . . . constantly pestering her." We granted the expedited hearing request and heard the government's motion to revoke bail on November 5, 1998.

At the hearing, the defendant stipulated to having violated conditions of bail, however, we heard testimony at the government's request from several of the complainant's former co-workers. These co-workers all testified about frequent telephone calls and visits by the defendant to the complainant at her place of employment, three to four times a week; that arguments frequently ensued between the defendant and the complainant at these encounters with the defendant often accusing the complainant of having affairs with other men. Further, that the defendant, in order to make a point with one of the witnesses, rang the complainant at her current place of employment in Boise, Idaho. The testimony also revealed that the defendant even contacted some of the government's bail-hearing witnesses, prior to the hearing, to accuse them of simply wanting him in jail.

On the evidence received, we revoked defendant's bail status[1] rejecting his argument that he could no longer be considered a danger to the complainant since she has left the jurisdiction of this court.

On the same day, November 5, 1998, defendant filed his motion to reconsider our order revoking bail and remanding him to the Territorial Correctional Facility pending trial on November 17, 1998. The motion

---

[1] Although took under advisement the issue of bond forfeiture.

for reconsideration is denied.

■ The defendant urges this court to apply 18 U.S.C.A. § 3148 (1993 & Supp. 1994) (the "statute") in fashioning an appropriate punishment for his violating this court's release orders. However, nowhere in the text of the statute is there a provision specifying its application to American Samoa. Had Congress wished that this section apply to the territories, Congress would have so specifically stated.

■ Even if this statute was applicable, we would still conclude that the defendant's motion is without merit. In his memorandum of points and authorities in support of reconsideration, the defendant cites to only a portion of the statute. Another part of the statute, which the defendant failed to cite, provides that bail may be revoked if the reviewing court is satisfied that conditions of bail has been violated, and that

> (B) the [defendant] is unlikely to abide by any condition or combination of the conditions of release.

18 U.S.C.S. § 3148. That a person is unlikely to abide by any condition or combination of the conditions of release may be established by a preponderance of the evidence. *United States v. Gotti*, 794 F.2d 773, 778 (2nd Cir. 1986).

■ The defendant's past violations of this court's release order shed considerable light on his motive, capacity and propensity to commit certain acts while free on bail. *See Gotti*, 794 F.2d at 779 (all bail decisions rest on predictions of a defendant's future behavior). The defendant has freely admitted to violating this court's order by contacting the victim. His motives for these contacts, as revealed on the evidence, continue to be his infatuation with his ex-wife's perceived affairs with other men. Less than three weeks after the conditions of defendant's release were issued, the defendant made numerous harassing contacts with the complainant, frequently intimidating the complainant at her place of employment. As a result of the defendant's intimidation, the complainant fled to the mainland.

Under these circumstances, we are certainly not about to accept the bootstrap logic behind the defendant's submission that he is no longer a danger to the complainant since she has left the island, when it was the defendant's campaign of intimidation and harassment, in clear defiance of this court's bail order, that drove the complainant off-island in the first place. Moreover, despite the complainant's leaving American Samoa, the court is unconvinced that the defendant will not make yet other attempts to contact her. At the same time, we are satisfied that the complainant, fearing for her safety, is unlikely to return to the territory on her own free

will, as long as the defendant is released on bail free to make further contacts with her. And the complainant has every reason to fear for her safety. In view of the factual allegations of her criminal complaint and the nature of the offenses alleged in the information, the sad fact remains that even the weight and authority of an order of this court proved to be of no assurance whatsoever to the complainant, in terms of keeping the defendant and his jealous moods away from her. Finally, we are convinced that the defendant will not abide by future court orders.

The motion for reconsideration is denied.

It is so ordered.